M'Mechen *vs.* M'Laughlin's Executor.

This suit was brought to October term 1796, and the issues being joined on the pleas of *non assumpsit* and *limitations,* the cause was put under notice of trial at the preceding term. The defendant at the present term would not consent to a continuance of the cause.

*Ridgely,* for the plaintiff, filed an affidavit of the plaintiff, stating "that from the years 1781 to 1785, inclusive, he delivered to *William M'Laughlin,* deceased, the then sheriff and collector of Baltimore county, tobacco fees, to be collected for him the plaintiff as an attorney at law, amounting to 855,449 pounds of tobacco, which amount the plaintiff was informed the books of account of the said *M'Laughlin* acknowledge and admit. That the said *M'Laughlin* never made the plaintiff any return of his said fees, so to be collected, during his life. That since the death of the said *M'Laughlin,* statements have been furnished him, whereby it appears the quantity of 487,313 pounds of tobacco is admitted to have been received; the quantity of 158,680 pounds of tobacco is stated to be insolvent; the quantity of 27,080 pounds of tobacco is stated to have been denied, and the remaining quantity of 172,395 pounds hath not been accounted for to the plaintiff in any manner. That the said tobacco, so unaccounted for, consisted of fees due to the plaintiff, as attorney, from sundry inhabitants of Baltimore county, all of whom the plaintiff believes had accounts with the said *M'Laughlin,* either as sheriff or collector, and were charged on his books. That the plaintiff hath instituted his suit in this court for the recovery of the said fees; and he is advised, and verily believes, that the books of accounts of the said *M'Laughlin,* if inspected, will ascertain what has been received, by adverting to the credits given to the debtors on the said books. That in order to obtain the benefit arising from an examination and inspection of the said books on his trial at law, he the plaintiff hath filed his bill for discovery in the court of chancery, praying the chancellor to order and decree that the said books may be produced at the trial at law, to be used as testimony before the jury; to which said bill the defendant hath appeared and answered; and the same, after argument had, is now before the chancellor for his decree thereon, which hath not as yet taken place. The plaintiff also saith, that he cannot with safety proceed to the trial of this cause, without the benefit of the testimony arising from the said books respecting the tobacco unaccounted for, and returned in-

solvent, and denied, and that he expects to have the benefit arising from the inspection of the said books at his trial at law, whenever the chancellor shall take order in the premises."

THE COURT.—The affidavit does not allege sufficient matter to justify the continuance of the cause under the act of assembly.

PLAINTIFF NONSUITED.

Afterwards, at an adjournment of the court, the court discovered that the cause might continue without the consent of the defendant, the cause having been brought to, and the defendant having appeared at October term 1796. Whereupon the court directed the judgment of *nonsuit* to be struck out, and ordered the cause to be continued, with the costs of the term against the plaintiff.

*Ridgely, Mason* and *W. M·Mechen,* for the plaintiff.

*Martin,* (Attorney-General) and *Winchester,* for defendant.