Bland, Chancellor.
It is required and Decreed, that the President, Directors and Company ofi the Farmers’ Bank of Maryland, on or before the first day of the next term of Anne Arundel County Court, produce, on oath, by the cashier of the said institution, either the original books, writings, or papers, or copies thereof, certified by a justice of the peace, as prayed; provided, that a copy of this order, together with a copy of the said petition, be served on the president or cashier of the said institution on or before the 15th instant; and provided also, that any cause shewn against the execution of this decree may be heard on the 21st instant.
The bank, by its answer, filed on the 12th of October, 1830, shewed cause and insisted, that, before it could be required to produce their b’ooks and papers as ordered, the petitioner should specify the particular extract, or writings, or paper which he supposes would be pertinent to the issue in the said cases, without which it would be impossible for it to comply with the order; and it alleged, that it was not aware of any paper being in its possession which would be of service to the petitioner in defending the said suits; or indeed of the defence which he intended to make.
23d October, 1830.
Bland, Chancellor.
This case standing ready for hearing, and having been submitted by the plaintiff on the petition and answer alone, the proceedings were read and considered.
This is a proceeding under the special provisions of the act of .assembly, which authorizes this court to require the production of books and papers relative to the matter in issue on a bill instituted in this court, or on the trial of any action at law. (a) In all such cases it should appear, that the applicant has an interest in the documenyÉTor that special purpose; (b) and the petition should, witty^ine reasonable degree of certainty, designate the books and ¿papers wanted, if practicable, by their marks, number and names; and also should specify the facts expected to be proved by them at *688 the trial in the court of common law. This is a proceeding which can only be regarded as one of the modes whereby a party may obtain testimony to sustain his case; and therefore, as on all similar applications, the granting of which maybe attended with delay, where the propriety of granting it does not sufficiently appear from the nature of the ease; or the documentary evidence, called for, is not described in the proceedings of the suit in which the application is made, the petition should be at least as specially descriptive of the evidence and proof of facts, expected to be obtained from the books and papers required, as in an affidavit, stating the nature and materiality of the proof expected to be obtained from an absent witness, without whose testimony, a party alleges, that he cannot safely go to trial, and, therefore moves for a. continuance of his case in a court of common law. The cases are so strikingly analogous, that the rules and principles, with few exceptions, applicable to one class of cases, may be well applied to the other, (c) In this instance, the petition is entirely too indefinite and general.
Whereupon, it is Decreed, that, the cause shewn being deemed sufficient, the decree of the 11th instant be rescinded; and the petition be dismissed with costs to be taxed by the register.

 1798, ch. 84; McMechen v. McLaughlin, 4 H. & McH. 166.

 Wigram on Discovery, 199; Calvert on Parties, 10.

 1 Vern. 334; Jessup v. Duport, Barnar. 192; Steward v. The East India Company, 9 Mod. 387; Smith v. Northumberland, 1 Cox, 363; Burton v. Neville, 2 Cox, 242; Oldham v. Carleton, 4 Bro. C. C. 88; Rougemont v. The Royal Exchange, &c. 7 Ves. 304; The Princess of Wales v. Liverpool, 1 Swan. 119; Jones v. Lewis, 1 Cond. Cha. Rep. 438; Mendizabel v. Machado, 1 Cond. Cha. Rep. 553.